IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**KACHINA RENTALS, LLC,**
**a New Mexico Limited Liability**
**Company,**

   Plaintiff,

vs.              Civ. No. 09-173 ACT/WDS


**MOBILE STORAGE GROUP, INC.,**
**a foreign corporation, and MOBILE**
**MINI, INC., a foreign corporation,**

   Defendants.


## MEMORANDUM OPINION AND ORDER

  **THIS MATTER** comes before the Court on Defendants' Mobile Storage Group, Inc.

("Mobile Storage") and Mobile Mini, Inc.'s ("Mobile Mini") Motion to Dismiss with

Accompanying Authorities filed March 18, 2009 [Doc. 9].  Plaintiff, Kachina Rentals, LLC

("Kachina Rentals") filed a Response on April 1, 2009 [Doc. 10] and Defendants filed a Reply

on April 20, 2009 [Doc. 11].  The Court has reviewed the pleadings, the pertinent law and being

otherwise advised in the premises finds that Defendants' Motion is well taken in part.

  This lawsuit involves a commercial agreement entered into between Kachina Rentals and

Mobile Storage on September 24, 2007.  At the time of the agreement, Kachina Rentals and

Mobile Storage were rental storage companies operating in New Mexico.  In the agreement,

Mobile Storage sold assets to Kachina Rentals.  The agreement also contains a non-compete

clause.  In its Complaint, Kachina Rentals alleges that Mobile Storage and Mobile Mini

breached the non-compete clause and asserts claims for breach of contract, breach of the duty of

good faith and fair dealing, unfair trade practices, fraud, negligent misrepresentation, civil

conspiracy, unjust enrichment, prima facie tort, and indemnification.

**Economic Loss Rule.**

Mobile Storage asserts that Kachina Rentals non-contract claims of unfair trade practices,

fraudulent misrepresentation, negligent misrepresentation, civil conspiracy, unjust enrichment

and *prima facie* tort are barred by the economic loss rule.

*Legal standard*.

Motions under Rule 12(b)(6) are governed by the plausibility standard recently

announced by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Rule

12(b)(6) provides for dismissal of a plaintiff's claims for "failure to state a claim upon which

relief can be granted."  The court must accept as true all well-pleaded factual allegations and

view them in the light most favorable to the nonmoving party. *Moore v. Guthrie*, 438 F.3d 1036,

1039 (10th Cir. 2006).  "We may uphold the grant of a motion to dismiss if, viewing the

well-pleaded factual allegations in the complaint as true and in the light most favorable to the

non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is

plausible on its face.'" *MacArthur v. San Juan County*, 497 F.3d 1057, 1064, 2007 WL 2045456,

at *5, (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 561-64).   As the Tenth Circuit has

explained this new standard for reviewing a motion to dismiss, "the mere metaphysical

possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is

insufficient; the complaint must give the court reason to believe that *this* plaintiff has a

reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

*Discussion*.

The New Mexico Court of Appeals adopted the economic loss rule in *Utah Int'l, Inc.* v. *Caterpillar Tractor Co.*, 108 N.M. 539, 542, 775 P.2d 741, 744, *cert. denied* (1989).  The Court held that "in commercial transactions, when there is no great disparity in bargaining power of the parties...economic losses from injury of a product to itself are not recoverable in tort actions; damages for such economic losses in commercial settings in New Mexico may only be recovered in contract actions." *Id.*   In declining to overrule *Utah International*, the New Mexico Supreme Court observed that "[a]s a matter of policy, the parties should not be allowed to use tort law to alter or avoid the bargain struck in the contract.  The law of contract provides an adequate remedy." *In re Consol. Vista Hills Retaining Wall Litiga.*, 119 N.M. 542, 550, 893 P. 2d 438, 446 (1995).  The New Mexico Supreme Court stated that "[t]he purpose of the economic-loss rule is not to bar the recovery of economic-loss damages; rather, the rule bars recovery of such damages in tort." *Id*. at 551, 893 P.2d at 447.  This reasoning is in line with New Mexico state court decisions that emphasize the clear distinction between tort and contract law.  "Courts have long followed the rule that 'the difference between a tort and contract action is that a breach of contract is a failure of performance of a duty arising or imposed by agreement; whereas, a tort is a violation of a duty imposed by law.'" *Farmers Alliance Mut. Ins. Co. v. Naylor*, 480 F. Supp. 2d 1287, 1289 (D.N.M. 2007) (citing *Kreischer v. Armijo*, 118 N.M. 671, 884 P.2d 827, 829 (1994) (citation omitted)).  As stated by this court in *Farmers Alliance*, "[s]uch precedent reflects New Mexico's commitment to the distinction between tort and contract law and indicates that under New Mexico law the economic loss rule applies to both

contracts for goods as well as contracts for services." *Id*.  However, as Judge Lynch pointed out

in *Farmers Alliance*, the economic loss rule is not limitless in that tort duties that exist

independent of a contract do not fall within the scope of the rule.  *Id.*   In *Farmers Alliance*, the

court found that professionals are subject to a professional standard of care and thus claims of

professional negligence are not barred by the economic loss rule.  *Id*. at 1292.  The Tenth Circuit

applied this same analysis in *Memorial Hosp. Of Laramie County v. Healthcare Realty Trust*

*Inc*., 509 F.3d 1225 (10th Cir. 2007).  Memorial Hospital alleged several contract and tort claims

arising out of the planning, construction, and operation of a medical office building in Cheyenne,

Wyoming. That project turned out to be a financial disaster for Memorial Hospital, which sued

its consultant and de facto landlord, Healthcare Realty.  The court found that Memorial

Hospital's claims for negligent misrepresentation were not barred by the economic loss rule

because these claims arose independently of the contract between the parties.  *Id.* at 1235 ("Here,

however, the Hospital's negligent misrepresentation claim does not arise from or rely on any

provision of the contract at all, but is based on the information that Healthcare Realty conveyed

in its written assessments of the financial viability of the project. Wyoming law does not forbid

tort claims between contracting parties if 'tort liability [is] premised on a duty independent of

contractual duties.'" ) (citation omitted).

     In *Town of Alma v. AZCO Constr., Inc*., 10 P.3d. 1256, 1264 (Colo. 2000) the Colorado

Supreme Court adopted the economic loss rule.  In that matter, the Town of Alma and individual

landowners brought claims including breach of contract and negligence against the contractor on

a public works contract to improve the town's water distribution system. In upholding a dismissal

of Plaintiff's tort claims, the court held "that Petitioners' negligence claim is based solely on the

breach of a contractual duty resulting in purely economic loss, and thus is barred by application

of the economic loss rule, we conclude that the trial court properly dismissed Petitioners'

negligence claim." *Id*. at 1266.  The Colorado Court of Appeals in *Hamon Contractors, Inc., v.*

*Carter & Burgess, Inc*., ___ P. 3d. ___, 2009 WL 1152160 (Colo. App. April 30, 2009) found

that Plaintiff's claim for fraud in the performance of a contract was not based on a duty

independent of the contract and upheld the dismissal of Plaintiff's claims for fraudulent

concealment and fraudulent misrepresentation.  *Id.* at *11.

The Court finds these cases particularly instructive in that the analysis is consistent with

New Mexico's stated principle that there is a distinction between a duty arising from a contract

and a duty imposed by law.[1] *Town of Alma*, 10 P.3d. at 1262 ("Although originally born from

products liability law, the application of the economic loss rule is broader, because it serves to

maintain a distinction between contract and tort law. The essential difference between a tort

obligation and a contract obligation is the source of the duties of the parties.").

In the Complaint, Kachina Rentals alleges only economic damages.  The Complaint

states that "[t]he Non-Competition portion of the Agreement was the primary consideration for

the Plaintiff to enter the Agreement.  The merger of the Defendant's parent company with

another competitor of the Plaintiff, Mobile Mini, made the Non-Competition Agreement

worthless, damaging the Plaintiff in an amount that exceeds $600,000."  Complaint at ¶ 17.

Kachina Rentals did not allege any losses beyond economic losses; i.e., personal injury or

property damage.

---

[1]Some jurisdictions have focused on whether the torts at issue are intentional or merely negligent conduct and not the source of the duties allegedly breached. *Stoughton Trailers, Inc. v. Henkel Corp*., 965 F. Supp. 1227 (W.D. Wis. 1997).  Other jurisdictions have rejected this analysis. *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 670-80 (3rd Cir. 2002)(applying Pennsylvania law); *Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co.*, 226 F. Supp. 2d 557, 562-65 (D.N.J. 2002); *Huron Tool & Eng'g Co. v. Precision Consulting Servs., Inc.*, 532 N.W. 2d 541, 544-46 (Mich. Ct. App. 1995).  There is no support in New Mexico case law for this principle.  To the contrary, as stated previously, New Mexico courts look to the source of the duties allegedly breached.

The torts alleged by Kachina Rentals against Mobile Storage and Mobile Mini are fraudulent misrepresentation, negligent misrepresentation, civil conspiracy and *prima facie* tort. A review of the elements of each of these torts demonstrate that the duty imposed by the tort arises from the contract between Kachina Rentals and Mobile Storage.  There is no independent duty that Defendants owe to Kachina Rentals.

In Count III, Kachina Rentals alleges a claim for fraudulent misrepresentation.  Kachina Rentals alleges that the representations made by Mobile Storage that it would not compete with Kachina Rentals in and around Farmington, Gallup and the Navajo Reservation were false. Complaint at ¶ 29.  In Count IV, Kachina Rental alleges a claim for negligent misrepresentation. Kachina Rentals alleges that the representations that Mobile Storage would not compete with Kachina Rentals in their territory were false.  Id. at ¶ 32.

To prevail on a claim of fraudulent misrepresentation, a party must demonstrate: "(i) a misrepresentation of fact, (ii) either knowledge of the falsity of the representation or recklessness on the part of the party making the misrepresentation, (iii) intention to deceive and to induce reliance on the misrepresentation, and (iv) detrimental reliance on the misrepresentation.  *Cyprus Amax Minerals Co. v. Duran Sand & Gravel, Inc*., No. 03-1473, 2006 WL 4079084, at *10 (D.N.M. May 31, 2006) (citation omitted).  Plaintiff must prove the following elements in a claim for negligent misrepresentation:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Garcia v. Rodey, Dickason, Sloan, Akin & Robb, P.A.*, 106 N.M. 757, 761-62, 750 P.2d 118, 122-23 (1988) (citations and internal quotations omitted).

Any duty to not compete arises solely from the Contract.  There is no independent duty. There is no relationship between the parties other that the commercial relationship as a result of the Contract.  *Farmers Alliance v. Naylor*, 452 F. Supp. 2d 1167, 1174 (2006).  ("[T]he economic loss rule does not bar Farmer's claim for professional negligence...."). Thus, the claims for fraudulent misrepresentation and negligent misrepresentation are barred by the economic loss rule. *Hamon Contractors, Inc*., 2009 WL 1152160 at *11 ("Simply put, whether a party negligently breaches a contractual duty or fraudulently does so, the duty allegedly breached is not independent of the contract.").

In Count VI, Kachina Rentals alleges a claim of civil conspiracy.  Kachina Rentals alleges that:

> Either before the Agreement between Kachina and Mobile Storage became final, or within six months of the effective date of the Agreement; Mobile Storage and Mobile Mini entered into a Civil conspiracy to defraud and prevent Kachina, by improper means, to have the benefit of its bargain with Mobile Storage and Mobile Storage and Mobile Mini....
>
> Mobile Mini arranged, as part fo the Merger agreement to have Mobile Storage exist the New Mexico market and Mobile Mini took over the market itself so that it could compete with Kachina in the "Prohibited Business" in the "Territory."

Complaint at ¶¶ 35, 36.

"A civil conspiracy requires a combination of two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." *Los Alamos Nat'l Bank v. Martinez Surveying Servs., LLC*, 140 N.M. 41, 47, 139 P.3d 201, 207 (2006) (internal quotations and citations omitted).  The purpose of a civil conspiracy claim is to "impute liability to make members of the conspiracy jointly and severally liable for the torts of any of its members."  *Seeds v. Lucero*, 137 N.M. 589, 592, 113 P.3d 859, 862 (Ct. App. 2005)  (internal quotations and citations omitted).

Kachina Rentals alleges a conspiracy to defraud and unlawful means to prevent Kachina

Rentals from benefitting from the non-compete clause.  Any alleged conspiracy between Mobile

Storage and Mobile Mini against Kachina Rentals relates to duties imposed by the Contract.

There is no relationship outside the Contract.  Thus, the economic loss rule bars Kachina

Rentals' claim for civil conspiracy.

In Count VIII, Kachina Rentals alleges a claim for *prima facie* tort. Specifically, Kachina

Rentals alleges that: "Mobile Storage intentionally allowed Kachina to pay money for a Non-

Competition Agreement that Mobile Storage knew would not be worth anything."  Complaint at

¶ 45.

The economic loss rule bars Kachina Rentals' claim for *prima facie* tort.  *Prima facie* tort

is intended to provide a remedy for persons harmed by acts that are intentional and malicious,

but otherwise lawful, which fall outside the rigid traditional intentional tort categories. *Guest v.

Allstate Insurance Co.*, 2009 WL 1007415 (N.M. App. 2009), *cert. granted* April 2, 2009

(citation omitted).   The elements of *prima facie* tort are: (1) an intentional, lawful act by

defendant; (2) an intent to injure the plaintiff; (3) injury to plaintiff, and (5) the absence of

justification or insufficient justification for the defendant's acts.  *Schmitz v. Smentowski*, 109

N.M. 386, 394, 785 P.2d 726, 734 (1990) (citations omitted).  Any injury to Kachina Rentals by

Mobile Storage would be a result of the relationship underlying the Contract.   There is no

independent relationship between the parties in this case.

To allow Kachina Rentals to pursue any of these torts would undermine the principle

behind the economic loss rule which bars recovery of economic losses in tort and would

impermissibly "blur the line between contract and tort."  *In re Consol. Vista Hills Litiga.*, 119

N.M. at 551, 893 P.2d. at 447.  Thus, the torts asserted in the Complaint of fraudulent

misrepresentation, negligent misrepresentation, civil conspiracy and *prima facie* tort will be dismissed with prejudice.

The other non-contractual claims asserted by Kachina Rentals are not torts and must be analyzed separately.  Plaintiff has asserted a claim under the Unfair Practices Act ("UPA").  To show a violation of the UPA, Plaintiff must prove that: (i) Mobile Storage "made an 'oral or written statement, visual description or other representation...' that was either false or misleading;" (ii) that "the false or misleading representation must have been 'knowingly made in connection with the sale, lease, rental or loan of goods or services...'"; (iii) that the representation "must have occurred in the regular course of the representers ['] trade or commerce"; and (iv) that the "representation must have been of the type that 'may, tends to or does, deceive or mislead any person.'" NMSA 1978, §§ 57-12-1 to - 26 (1967, as amended through 2007). The UPA is a statutory cause of action and creates a statutory duty.  New Mexico has not ruled on whether the economic loss rule applies to statutory causes of action.  Thus, the Court must predict how the Supreme Court of New Mexico would rule.

Some courts have applied the economic rule to statutory claims; others have held that it has no application.  *Compare Werninski,* 286 F.3d at 681 (applying economic rule to bar claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law) *with Comptech Int'l, Inc. v. Milam Commerce Park, Ltd.*, 753 So.2d 1219, 1223 (Fla. 2000) (holding that the "economic loss rule does not bar statutory causes of action.")

In reviewing the relevant cases, the Court finds that those cases holding that the economic loss rule does not bar statutory causes of action are persuasive.  In *Boehme v. United States Postal Service*, 343 F.3d 1260, 1266 (10th Cir. 2003), a case interpreting Colorado's economic loss rule, the Court found that by enacting the unlawful detainer statute, the Colorado

legislature intended to create a statutory remedy that was independent of a breach of contract

claim.  In *Boehme*, the plaintiff landlord brought an action for unlawful detainer under Colorado

law against the United States Postal Service (USPS)  after the USPS allegedly failed to pay

property taxes as required by their lease agreement.  In finding that the economic loss rule had

no application the Court held that by enacting the unlawful detained statute, the legislature

intended to create a statutory remedy that was independent of the breach of contract claim, even

where the statutory remedy is based entirely on the breach of a contractual duty.

The federal district court in Utah applied this rationale and found that plaintiff's trade

secret misappropriation cause of action was not barred by the economic loss rule even though the

duty comprising the basis of plaintiff's statutory claim arose only upon execution of the contract

"because the duty to refrain from unauthorized use or disclosure of Plaintiff's trade secrets was

independently imposed by the Utah Uniform Trade Secrets Act."  *Wolfe Tory Medical, Inc., v.

C.R. Bard, Inc*., 2008 WL 541346, *4 (D. Utah 2008).  Applying this reasoning,  the Court finds

that Plaintiff's claim under the UPA is not barred by the economic loss rule.

Kachina Rentals has also alleged a claim of unjust enrichment.  To prevail on an unjust

enrichment claim, a party must demonstrate that: "(i) another has been knowingly benefitted at

one's expense (ii) in a matter such that allowance of the other to retain the benefit would be

unjust."  *Ontiveros Insulation Co. v. Sanchez*, 129 N.M. 200, 203, 3 P.3d 695, 698-99 (2000).

"The theory has evolved largely to provide relief where, in the absence of privity, a party cannot

claim relief in contract and instead must seek refuge in equity."  *Id.*  Unjust enrichment is not a

tort and is based on quasi-contract.  *Id.*  Mobile Storage does not cite to any cases where the

economic loss rule applies to a quasi-contract claim.  The Court found a case to the contrary,

*ThunderWave, Inc. v. Carnival Corp*., 954 F.Supp. 1562, 1566 (S.D.Fla.1997).  ("The Court also

agrees with Plaintiff that the economic loss doctrine does not apply to claims for unjust

enrichment and is unpersuaded by the contrary conclusion reached in *Anthony Distributors, Inc.*

*v. Miller Brewing Co.*, 904 F.Supp. 1363, 1368 (M.D.Fla.1995).  The economic loss doctrine

bars a plaintiff's recovery of purely economic damages under a tort theory, and a claim for unjust

enrichment sounds in quasi-contract, not tort.")  When the economic loss rule was adopted by

the New Mexico Court of Appeals the Court held that it applied to tort actions.  There is nothing

in the case law to support that it should also apply to quasi-contract claims. Thus, the Court finds

that Kachina Rental's claim for unjust enrichment is not barred by the economic loss rule.

**Lack of Consideration.**

Defendants assert that Kachina Rental's remaining contract claims, Count I for breach of

contract and breach of duty of good faith and fair dealing and Count VII for indemnification,

should be dismissed due to lack of consideration.  Specifically, Defendants assert that Kachina

Rentals paid $1.64 million for the assets and thus there was no consideration for the non-

compete clause.

*Discussion*.

Under New Mexico law, there must be valid consideration for each promise in a contract.

*Acme Cigarette Servs. v. Gallegos*, 91 N.M. 577, 581, 577 P. 2d 885, 889 (N.M. Ct. App. 1978)

("That is, in a bilateral agreement, a promise of one party may support one or more promises of

the other party. Each promise is in need of consideration to be binding and enforceable.")

In the Complaint, Kachina Rental asserts that it paid $1.64 million for Mobile Storage

assets and the non-compete clause.  Complaint at ¶ 4.  Kachina Rental also states that the assets

were worth approximately one million dollars.  *Id.* at ¶18.

Defendants argue that the "contract unambiguously states the sale price of $1.64 million is solely for the assets...." and thus there is no consideration for the non-compete clause. Motion at 9. In support of this, Defendants point to the language in paragraph 2 of the contract which states that: "The parties acknowledge and agree that the purchase price to be paid by Kachina to the account designated by Seller...in consideration of the sale of the Purchased Assets shall be an amount equal to the aggregate amount of One Million Six Hundred and Forty Thousand Dollars ($1,640,000)...." Thus, Defendants argue the non-compete clause was not a purchased asset and therefore there was no consideration for the non-compete clause. As no consideration was given for the non-complete clause, the non-compete clause is unenforceable.

In response, Kachina Rentals states that the plain language of the contract demonstrates that there was consideration for the non-compete clause. Kachina Rentals points to the part of the Contract that states on page one: "NOW THEREFORE, in consideration of the mutual promises and considerations set forth herein, the parties agree as follows: ' 1) Mobile Storage's promise to sell the assets listed in the agreement's exhibit to Kachina; 2) Kachina's promise to pay One Million Six Hundred and Forty Thousand Dollars ($1,640,000) to Mobile Storage; and 3) Mobile Storage's promise not to compete in the mobile storage business in the specified territory for five (5) years.'" Response at 5.

The Court will deny Defendants motion to dismiss on this ground. The Court agrees that the Contract was inartfully drafted. However, the Court cannot find that the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *MacArthur*, 497 F.3d at 1064. The title of the document is "Bill of Sale and Noncompetition Agreement." Prior to delineating the price and non-compete clause, the Contract states that "the mutual promises and conditions" are as follows and then states the purchase price for the assets and then in a

subsequent paragraph, a non-compete clause.  The Complaint states that Kachina Rentals was

damaged in the amount $600,000 and that "the fair market value of just the purchased assets was

more than $600,000 less than the price attributed to those assets."  Complaint at ¶ 18.  The Court

must accept these allegations as true.  *Moore*, 438 F.3d at 1039.  Thus, the Court finds there are

sufficient "facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 562-

64.

In addition, the Defendants' reliance on the sole case they cited, *Douglas v. Orkin*

*Terminating Company, Inc*., 215 F.3d 1336, , 2000 WL 667982 (10th Cir. 2000) (unpublished) is

misplaced.  In *Douglas*, Douglas asserted he paid a discounted sale price for his business as

consideration for Orkin's promise of long term employment.  The court found that the contracts

stated the terms of Douglas' employment but there was nothing that required Orkin to employ

Douglas until retirement.  Unlike the facts in *Douglas* the Contract underlying this lawsuit

specifically states that Mobile Storage agreed to a non-compete clause.

**Dismissal of Mobile Mini.**

It is undisputed that Mobile Storage and Mobile Mini merged.  Defendants assert in a

three sentence argument that Mobile Mini must be dismissed because it is not a party to the

Contract.  Defendants do not provide any law or facts to support their position.  In its reply

Defendants merely assert that the case Kachina Rental relies on is inapplicable and thus Kachina

Rental did not respond and thus their motion should be granted. The court must review the

merits of the  motion pursuant to Fed.R.Civ.P. 12(b)(6)  filed regardless of the response. *Applied*

*Capital, Inc. v. Gibson*, 558 F.Supp.2d 1189 (D.N.M.2007). Defendants have failed to assert

sufficient facts or arguments for the Court to consider.  Thus, the Court will deny Defendants'

motion to dismiss Mobile Mini.

**IT IS THEREFORE ORDERED** that Count III, Fraud, Count IV, Negligent Misrepresentation, Count V, Civil Conspiracy, and Count VIII, Prima Facie Tort are dismissed with prejudice.

**IT IS FURTHER ORDERED** that all other requests in Defendants' Motion to Dismiss are denied.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**