IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KACHINA RENTALS, LLC,
a New Mexico Limited Liability
Company,

        Plaintiff,

vs.                                                                              Civ. No. 09-173 ACT/WDS

MOBILE STORAGE GROUP, INC.,
a foreign corporation, and MOBILE
MINI, INC., a foreign corporation,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on Defendants' Mobile Storage Group, Inc.

("Mobile Storage") and Mobile Mini, Inc.'s ("Mobile Mini") (collectively "Defendants") Motion

to Reconsider filed July 20, 2009 [Doc. 17].  Defendants are seeking an order from the Court

reconsidering its statement that "[i]t is undisputed that Mobile Storage and Mobile Mini merged."

[Doc. 15 at 13.]

      The Federal Rules of Civil Procedure do not recognize a motion for reconsideration.

*Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296, n.3 (10th Cir. 2002)

(citing *Clough v. Rush*, 959 F.2d 182, 186, n.4 (10th Cir. 1992)).  However, when such a motion is

filed, the Court recognizes any one of three grounds to warrant reconsideration: an intervening

change in controlling law, availability of new evidence, or the need to correct clear error or prevent

manifest injustice. *Conley v. McKune*, 2005 WL 580836 at *1 (D. Kan. Mar. 11, 2005) (citing

*Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981); *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*,

148 F.3d 396 (4th Cir. 1998).  Defendants assert that the Court erred.

This lawsuit involves a commercial agreement entered into between Kachina Rentals and

Mobile Storage on September 24, 2007.  At the time of the agreement, Kachina Rentals and Mobile

Storage were rental storage companies operating in New Mexico.  In the agreement, Mobile Storage

sold assets to Kachina Rentals.

Plaintiff alleges in its Complaint that:

On February 22, 2008, Mobile Storage's parent company, MSG WC Holdings Corp., a
Delaware corporation, ("Parent"), publically announced that it would merge with the
Defendant, Mobile Mini, Inc., a Delaware corporation, ("Mobile Mini), whereby Mobile
Mini being the surviving corporation and Mobile Storage becoming a direct, wholly-owned
subsidiary of Mobile Mini (Merger).  A copy of the News Release announcing the Merger
is attached as exhibit B.

Complaint at ¶ 7.

Defendants asserts in its Motion to Dismiss [Doc. 9 at 5] that:

Subsequent to the agreement of the Parties and the execution of the Bill of Sale, in February
2008, Mobile Mini agreed to merge with an indirect parent company of Mobile Storage and,
as a result of that merger and a subsequent merger with Mobile Storage's direct parent
company (which closed June 27, 2008), Mobile Storage became a subsidiary of Mobile
Mini.

There is a dispute as to whether Mobile Storage and Mobile Mini merged    Therefore the

Court's Memorandum Opinion and Order of July 6, 2009 [Doc.15] will be amended to reflect that

there is a dispute as to whether "Mobile Storage and Mobile Mini merged."  However, the parties

have not provided sufficient information for the Court to allow it to rule on Defendants' Motion to

Dismiss Mobile Mini. Thus, the Court's ruling denying Defendant's Motion to Dismiss Mobile Mini will remain in place.

**IT IS THEREFORE ORDERED** that Mobile Storage Group, Inc. and Mobile Mini, Inc.,'s Motion to Reconsider [Doc. 17] is granted in part and the Court's Memorandum Opinion and Order of July 6, 2009 [Doc. 15] is amended to reflect that there is a dispute as to whether "Mobile Storage and Mobile Mini merged."

_____

**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**